Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7196 | **DATE** | 12/7/2010 |
| **CASE TITLE** | Bernard vs. 12th Judicial Circuit Court in Joliet IL, et al. | | |

**DOCKET ENTRY TEXT**

Petitioner Rose Bernard's Motion to Proceed *In Forma Pauperis* [4] is denied, and her case is dismissed as it fails to state a claim upon which relief may be granted.

■[ For further details see text below.]   Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

Before the Court is pro se Petitioner Rose Bernard's ("Bernard") Motion to Proceed *In Forma Pauperis* [4]. On November 8, 2010, Bernard filed an Emergency Motion for Writ of Prohibition [1] against the "State [Prosecutor] and the 12th Judicial Circuit of Will County, Ill." She claimed that a criminal theft case brought against her under 720 ILCS 5/16-1(a)(1)(A) (Case No. 2008 CM 4821) violated her Constitutional rights guaranteed under the First, Fourth, Sixth, Thirteenth, and Fourteenth Amendments. The charge, which involves an alleged theft of a dog, was brought against Bernard on January 25, 2008, and is currently active in the 12th Judicial Circuit Court in Will County, Illinois.

     To authorize Bernard to proceed *in forma pauperis*, the Court must make two determinations: (1) whether Bernard cannot pay the costs of the case; and (2) whether the case is frivolous or brought in bad faith. 28 U.S.C. § 1915(a). To prevent abuse of the *in forma pauperis* procedure, a district court has the power to dismiss a frivolous or malicious case, or one that fails to state a claim on which relief may be granted. *Id*. § 1915(e)(2)(B). The Court uses a less stringent standard in determining if a pro se litigant has sufficiently pled pauper status. *See Haines v. Kenner*, 404 U.S. 519, 520 (1972).

     While Bernard has shown that she cannot pay the costs of her case, she has clearly not filed a claim on which relief may be granted. This Court may issue a writ of prohibition "to confine a lower court to its proper jurisdiction, to compel the court to exercise a jurisdiction properly before it, or to prevent a clear abuse of discretion by the lower court." *In re State of South Dakota*, 692 F.2d 1158, 1160 n.3 (8th Cir. 1982).

     Bernard has asked a federal district court to issue a writ against an Illinois circuit court, to enjoin the trial court from continuing its criminal proceedings against her. She has not argued that the statute under which she has been charged is unconstitutional. Her objection to the theft charge and discontent over how the criminal proceedings have progressed do not provide grounds for this court to issue a writ of prohibition. In fact, this Court is expressly prohibited from issuing such a writ: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where

## STATEMENT

necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Siler v.* Storey, 587 F. Supp. 986, 987 (N.D. Tex. 1984) ("Writs of prohibition traditionally have been used by *appellate* courts to exert their revisory powers over inferior courts, but it is not an appropriate remedy to control jurisdiction of other, nonsubordinate courts.") (emphasis in original). No Act of Congress grants this Court the authority to issue the writ Bernard seeks.

Bernard's motion does contain allegations of constitutional violations, but none of these can be brought against the parties against whom she seeks the writ. Even read in a light most favorable to a pro se litigant, these allegations do not rise to claims that can be heard by this Court.

Therefore, because Bernard has failed to state a claim upon which relief may be granted, her Motion to Proceed *In Forma Pauperis* is denied, and her case is dismissed as it fails to state a claim upon which relief may be granted.